UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

Eastern District of Kentucky
**FILED**
APR 13 2018
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

Civil Action No. 17-71-HRW

PAUL THOMAS JAMES,                                                PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits in September 2013, alleging disability beginning in October 2010, due to "neck fusion with plate, chronic pain, anxiety, ruptured disc, right arm and hand movement difficulty, right shoulder pain [with] limited movement, right arm and hand numbness, trouble sleeping (Tr. 200).

This application was denied initially and on reconsideration.

Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Susan Guiffre (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Deborah Lee, a vocational expert (hereinafter "VE"), also

testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 25-37). Plaintiff was 41 years old when he alleges he became disabled, 46 when he was last insured for DIB and 47 on the date of the hearing decision.

He has a high school education (Tr. 201). His past relevant work experience consists of work as a sales representative (Tr. 202).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 27).

The ALJ then determined, at Step 2, that Plaintiff suffers from cervical disc syndrome

and lumbar disc disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 27).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 30). In doing so, the ALJ specifically considered Listings 1.02 and 1.04. *Id.*

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 34) but determined that he has the residual functional capacity ("RFC") to perform a reduced range of light exertion, limited to frequent pushing and pulling with the right upper extremity; able to reach overhead with his bilateral upper extremities if gripping with the right upper extremity is not required; limited to occasional handling and fingering with the right upper extremity but only with the assistance of the left upper extremity; never able to climb ladders, ropes, or scaffolds; limited to occasional crawling; must avoid exposure to vibration and exposure to hazards defined as industrial machinery, unprotected heights, commercial driving, and similar things (Tr. 30-32).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 33).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not properly consider his nerve damage in formulating the RFC and (2) the ALJ did not properly consider his psychiatric impairments in formulating the RFC.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not properly consider his nerve damage in formulating the RFC. He contends that the ALJ did not discuss his radiculopathy and other

nerve damage in his upper extremities. Yet, the RFC includes significant limitations that are attributable to Plaintiff's nerve issues in his right upper extremities. Specifically, the RFC includes limitations of no more than frequent pushing and/or pulling with the right upper extremity; reaching overhead with his bilateral upper extremities if gripping with the right upper extremity is not required; and occasional handling and fingering with the right upper extremity but only with assistance of the left upper extremity (Tr. 30). The ALJ also specifically noted that at the light level of exertion, Plaintiff was subject to additional functional limitations to accommodate the limited use of his right upper extremity (Tr. 33). Given that the RFC includes several limitations pertaining to Plaintiff's right upper extremities, his assertion that the ALJ did not discuss this impairment is without merit. Further, a review of the medical evidence in the record supports the ALJ's assessment of Plaintiff's right upper extremities symptoms and her formulation of the RFC.

Plaintiff's second claim of error is that the ALJ did not properly consider his psychiatric impairments in formulating the RFC. He argues that these impairments should have deemed to be "severe" at Step 2.

The Court is mindful of the fact that the Step 2 severity regulation, codified at 20 C.F.R. §§ 404.1520© and 404.1521, has been construed as a *de minimus* hurdle and that, in the majority of cases, "a claim for disability may not be dismissed without consideration of the claimant's vocational situation". *See Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). However, the severity requirement is still recognized as a device with which to screen "totally groundless" claims on the basis of the medical evidence alone. *Id.* at 863. The pertinent inquiry is whether or not the impairment is disabling. *Id.*

5

In her analysis at STEP 2, the ALJ acknowledged that Plaintiff claimed that "anxiety" limited his ability to work. She referred to the medical records in this regard. Plaintiff was admitted to the psychiatric ward at St. Elizabeth from February 11-18, 2013 (Tr. 269-287). Plaintiff's admittance to St. Elizabeth resulted from alleged suicidal ideation related to his abuse of pain medication, with Plaintiff stating, "I am out of control with my narcotics, and I had thoughts of killing myself" (Tr. 272). Plaintiff's final diagnoses from Rodney E. Vivian, M.D., included mood disorder secondary to medical condition, substance induced mood disorder, chronic pain, and degenerative disc disease (Tr. 274).

In December 2013, Plaintiff attended a consultative psychological examination by James Rosenthal, Psy.D., at the request of the Social Security Administration (Tr. 399-404). At that time, Plaintiff reported that he had not had any medications since August 2012 because he could not afford to pay for them (Tr. 400). Plaintiff reported that he only experienced anxiety after he stopped working (Tr. 401). Plaintiff reported decreased motivation and frustration due to not being able to work and not having things to do (Tr. 401-402).

Dr. Rosenthal noted that Plaintiff exhibited a broad affect, did not appear anxious, and appeared to have adequate knowledge, insight and judgment, and diagnosed Plaintiff with Depressive Disorder, NOS (Tr. 403). Dr. Rosenthal opined that he did not expect Plaintiff to experience functional limitations or difficulties in understanding, remembering or carrying out directions on jobs; maintaining persistence and pace to perform both simple and multi-step tasks; and responding appropriately to supervision and co-workers. Dr. Rosenthal further opined that it was not likely that Plaintiff would have difficulty tolerating work pressures (Tr. 403-404).

State agency psychologists, Laura Cutler, Ph.D., and Jane Brake, Ph.D., reviewed the records in January 2014 and April 2014, respectively (Tr. 80-81, 103-104). Drs. Cutler and Brake opined that Plaintiff was subject to mild restriction in his activities of daily living; with mild difficulties in maintaining social functioning and in maintaining concentration, persistence or pace. Both Dr. Cutler and Dr. Brake opined that Plaintiff's alleged mental conditions were not severe with cessation of substance abuse (Tr. 80-81, 103-104).

The ALJ considered these records and opinions and denoted some limitation in the RFC. The Court finds no error in this regard. A claimant's RFC is assessed by the ALJ between steps three and four and is "the most [a claimant] can still do despite [his] impairments." 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(1) & (5). Although there is a limited burden shift to the Commissioner at step five of the sequential evaluation to identify work existing in significant numbers in the national economy that a claimant can perform, the claimant retains the burden of establishing his RFC limitations. While Plaintiff may have had limitations that negatively affected his ability to work, the mere existence of impairments such as those alleged by Plaintiff, is insufficient to establish disability under the stringent standards of the Act. Instead, Plaintiff had to show that his impairments caused functional limitations so severe that he was unable to engage in any substantial gainful activity for a continuous period of at least 12 months. *See Barnhart v. Walton*, 535 U.S. 212, 220 (2002); 42 U.S.C. § 423(d)(1)(A). The disability, not just the impairment, must last 12 months. *Walton*, 535 U.S. at 220. In the case before the Court, Plaintiff has not shown functional limitations of sufficient severity as to be disabling.

It is within the province of the ALJ to make the legal determination of disability. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984). This Court's task is to determine if substantial evidence supports the ALJ's decision. That there is substantial evidence which could support an opposite conclusion is of no moment, so long as substantial evidence supports the conclusion reached by the ALJ. *See generally, Jones v. Commissioner of Social Security*, 336 F.3d 469 (6th Cir. 2003).

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 13th day of April, 2018.

Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge